## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

KYLE S. THOMPSON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. Action No. TDC-17-0195
Civil Action No. TDC-24-1986

### MEMORANDUM ORDER

Self-represented Petitioner Kyle S. Thompson has filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 in which he collaterally attacks his conviction and sentence based on a claim of newly discovered evidence. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DISMISSED.

### BACKGROUND

On September 13, 2018, Thompson was convicted after a jury trial on 18 counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). On February 4, 2019, the Court sentenced Thompson to a total of 5,040 months of imprisonment. On February 5, 2019, Thompson filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. On April 6, 2020, the Fourth Circuit affirmed Thompson's conviction and sentence. On May 27, 2020, the Fourth Circuit denied Thompson's petition for rehearing and rehearing *en banc*.

Thompson filed a petition for writ of certiorari with the United States Supreme Court on October 23, 2020. The Supreme Court denied the petition on December 7, 2020.

On July 8, 2024, Thompson filed the present Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255. In the Motion, Thompson argues that, following his conviction and sentencing, he was diagnosed with "Glioblastoma Multiforme Terminal Brain Cancer." Mot. at 1, ECF No. 147. Thompson asserts that because this condition was not known until after conviction and sentencing, he was unable to raise it during trial, sentencing, or his direct appeals and that, had he been able to do so, he would have argued that he was not competent to stand trial, asserted a defense of "diminished moral culpability," or invoked other defenses based on that condition. *Id.* at 1–2.

## DISCUSSION

In responding to the Motion, the Government has argued that it is time-barred. After the Court granted Thompson additional time to file a reply brief and specifically directed him to "address the Government's argument that his Motion is time-barred and, if so, whether there is a basis for equitable tolling to excuse the late filing," ECF No. 151, Thompson filed a timely reply brief on November 22, 2024 in which he argues that the Motion is a timely second and successive § 2255 motion because it is based on newly discovered evidence and also argues that equitable tolling is warranted.

### I.    Legal Standard

A federal prisoner may file a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to

collateral attack." 28 U.S.C. § 2255(a). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, a hearing is necessary when there are material disputed facts or when the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II.     Statute of Limitations

Under 28 U.S.C. § 2255, a petitioner has a one-year period in which to file a motion to vacate, set aside, or correct the sentence running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, it is beyond dispute that Thompson's Motion, filed on July 30, 2024, was filed more than one year after the date on which the judgment of conviction became final. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the

3

merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Because the Supreme Court denied Thompson's petition for writ of certiorari on December 7, 2020, the one-year limitations period ended on December 7, 2021, more than two years before Thompson's filed this Motion. Thus, without more, the Motion is untimely.

By asserting that his Motion is based on newly discovered evidence, specifically his cancer diagnosis, Thomas effectively argues that the one-year limitations period did not begin until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). However, Thompson acknowledges that he was aware of his diagnosis by October 2021 at the latest. *See* Reply at 1, ECF No. 153; Mot. at 2. Indeed, the record establishes that Thompson was diagnosed with "[m]alignant neoplasm of brain" on May 10, 2021, Health Report at 2, Mot. Ex. 3, ECF No. 147-3, and that prior to October 18, 2021, he had already filed a request for a reduction in his sentence based on this condition, Mot. Ex. 2, ECF No. 147-2. Where by October 18, 2021 Thompson was aware of his diagnosis and had already determined that it could be invoked as a basis for additional legal challenges, the Court finds that the limitations period began to run no later than October 18, 2021, such that the one-year limitations period ended on October 18, 2022, nearly two years before Thompson filed the Motion. *See* 28 U.S.C. § 2255(f)(4).

Finally, Thompson's references to rules relating to second and successive § 2255 motions do not alter the analysis because the present Motion is Thompson's first § 2255 motion. Accordingly, Thompson's Motion is time-barred.

## III.   Equitable Tolling

Even if a § 2255 motion is time-barred, the Court should consider whether the doctrine of equitable tolling applies to permit it to consider the Motion. Under certain circumstances the

4

statute of limitations for § 2255 motions may be subject to equitable tolling. *See, e.g., United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances (2) beyond the petitioner's control or external to the petitioner's own conduct (3) prevented the timely filing of a petition. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Here, Thompson argues that equitable tolling is warranted on the following basis:

> The [petitioner] is Pro-Se, he suffers from a Terminal illness, called Glioblastoma Multiforme Terminal Brain Cancer with a[n] incurable and untimely life limiting, end of life expectancy of 18 months or less by Bureau of Prisons (RIS) is Life Expectancy of 18 months or less, this was on record in Oct 2021, so far, the [petitioner] has out lived that time period and now lives day-by-day. [Petitioner] went to Trial, [was] Sentenced, had Direct Appeals, had two brain surgeries, transferred from facility to facility all while trying to pursue his rights. This terminal brain cancer is [an] extraordinary circumstance which has stood in his way to meet timely filings.

Reply at 1.

The Court concludes that Thompson has not made a showing of extraordinary circumstances beyond his control that prevented him from filing a timely § 2255 motion. First, the fact that Thompson is self-represented does not alone warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Second, a medical condition

5

generally does not warrant equitable tolling unless the petitioner specifies "why his medical condition barred him from filing his habeas petition" on time. *Rouse*, 339 F.3d at 248. Here, Thompson has not done so, and the fact that Thompson filed at least one request for another form of relief on the basis of his medical condition prior to October 18, 2021 effectively refutes the claim that he was unable to file a timely § 2255 motion relating to this condition. Under these circumstances, the Court concludes that Thompson's condition does not warrant equitable tolling.

## IV.    Certificate of Appealability

Thompson has no absolute entitlement to appeal a district court's dismissal of the Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal the Court's dismissal of the Motion, Thompson must obtain a certificate of appealability. *Id.* A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court dismisses a § 2255 motion on procedural grounds without reaching the merits of the constitutional claim, a petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Thompson has made no such showing, this Court will not issue a certificate of appealability. Thompson may still seek such a certificate from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1.  Thompson's Motion to Vacate, Set Aside, or Correct the Sentence, ECF No. 147, is DISMISSED as time-barred.

2.  Because the Reply was deemed timely, Thompson's Motion for an Extension of Time to File a Reply to the Government's Response, ECF No. 152, is DENIED AS MOOT.

3.  The Court declines to issue a certificate of appealability.

4.  The Clerk shall close Civil No. TDC-24-1986.

Date:  December 17, 2024



THEODORE D. CHUANG
United States District Judge

7